# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00778-CV

**In re Magdalena Aitken Bromberg**

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Magdalena Aitken Bromberg has filed a petition for writ of mandamus complaining of the trial court's Temporary Orders In Suit To Modify Parent-Child Relationship. We conditionally grant mandamus relief in part and deny in part.

## Background

Bromberg and real party in interest Kelly Schernik are the parents of E., who in June 2013 was five and one-half years old. In 2009, the trial court signed an order giving each parent two consecutive week days of possession and alternating weekend possession and providing that during the time each parent has possession of E., that parent has the right to designate her primary residence within Williamson County. Bromberg got married in late 2012, and in 2013, she filed a petition to modify the 2009 order, seeking the exclusive right to designate E.'s primary residence.[1] Schernik

---

[1] Bromberg's new husband inherited a house in Wimberley and they want to move with E. to live there. In the June 2013 hearing on the parties' motions to modify, Bromberg's husband explained that they had moved with E. to Wimberley in November 2012 and had enrolled her in a private school in south Austin. They wanted E. to continue to attend that school for one more year, through kindergarten, and then later attend a different private school. Bromberg's mother had offered to drive E. between school and Schernik's house in Round Rock. Schernik wanted E. to attend the public elementary school near his house, saying that part of the reason he decided to live where he did was that the school was very highly rated.

responded with a counter-petition, also seeking the exclusive right to designate the child's primary residence. Neither Bromberg nor Schernik alleged that present circumstances might significantly impair E.'s physical or emotional well-being. The trial court held a hearing and later signed a temporary order naming Bromberg and Schernik as joint managing conservators, ordering Bromberg to pay Schernik $300 a month in child support, and including the standard possession order set out in the family code.[2] *See* Tex. Fam. Code §§ 153.311-.317. During each parent's time of possession, that parent has the exclusive right to designate the child's primary residence within Williamson County.[3] Bromberg then filed this petition for writ of mandamus relief.[4]

---

[2] As long as they live within 100 miles of each other, Bromberg has possession of the child on alternating weekends, on Thursday nights during the school year, and during certain holidays and vacation terms; Schernik has possession the rest of the time.

[3] At the conclusion of the June 2013 hearing, the trial court said that Bromberg should have asked for permission to move rather than moving and "ask[ing] for forgiveness." The court said, "I'm ordering a joint managing conservatorship. The father will determine domicile within the confines of Williamson County only. The school district will be determined by his residence. He will be paid $300 a month in child support. . . . [Bromberg will] have expanded visitation."

In an October 2013 hearing on Bromberg's motion to reconsider, Bromberg's attorney stated that Bromberg had moved back to Williamson County and asked whether the court would reinstate its 2009 order. The court said that Bromberg's move "might give rise to another hearing" and that it wanted to proceed to a final hearing as soon as possible. The court also stated that Bromberg's moving without permission "really tied the Court's hands" and explained that it gave Schernik the ability to establish E.'s domicile because of Bromberg's "precipitous actions," which had "the potential of serious emotional consequences for the child based on the circumstances and suddenness of the move." The court said that since Bromberg had moved to Williamson County, it would limit the child's domicile to Williamson County, allow the school district to be determined by Schernik, and put the parents on a standard possession schedule.

The written order mirrors those declarations, giving the parents joint managing conservatorship under a standard schedule, allowing each parent to determine E.'s primary residence during their periods of possession, limited to Williamson County, and providing that the school district will be determined by Schernik's residence.

[4] We requested a response from Schernik, but none has been filed. *See* Tex. R. App. P. 52.4.

**Discussion**

Bromberg first asserts that the trial court had erred in changing the designation of the person with the exclusive right to designate the child's primary residence without requiring proof that the change was in the child's best interest and that the child's present circumstances significantly impair her physical health or emotional development. *Id*. § 156.006. We disagree.

A trial court may render temporary orders in a suit for modification, but it may not render an order "that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child" unless such a change is necessary because current circumstances would significantly impair the child's emotional or physical well-being. *Id.* § 156.006. The temporary order in this case modified the schedule of possession but did not change the designation of "the person who has the exclusive right" to designate E.'s primary residence.

As was the case under the 2009 order, both parents have the right to determine E.'s primary residence during their period of possession, as long as they stay within Williamson County. The order only modifies the schedule under which the parents exercise their visitations and links E.'s school district to Schernik's residence; it does not change the designation of the person who has the exclusive right to determine E.'s primary residence. Bromberg has not shown her entitlement to mandamus relief from the temporary order's provisions related to visitation and determination of domicile.

In her second issue, Bromberg argues that the court erred in ordering her to pay child support because there was no evidence of her available resources or that the order was necessary for the child's safety and welfare. *See id.* § 105.001(a). We agree.

3

In making temporary orders, the court may provide for temporary support "for the safety and welfare of the child," *id*. § 105.001, and in determining whether to order child support, the court should calculate a parent's net resources as set out in the family code. *See id.* §§ 154.061, .062, .069, .123, .125. In this case, there was no evidence that Bromberg has any net resources from which she can pay child support. There was evidence about her husband's income and sums he was paying for E.'s schooling and healthcare, but a spouse's income is not to be considered when calculating a parent's child support obligation. *Id.* § 154.069(a). We sustain Bromberg's second issue on appeal.

**Conclusion**

We have overruled Bromberg's attack on the possession and domicile provisions of the temporary orders. We sustain her issue related to the $300 monthly child support obligation. The trial court is instructed to vacate the provision in the temporary orders imposing a child support obligation on Bromberg. The writ will issue only if the trial court does not act in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Filed:   January 14, 2014

4